b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARDELL MITCHELL,<br>Petitioner | CRIMINAL DOCKET NO. 1:21-CR-00300 |
| VERSUS | DISTRICT JUDGE JOSEPH |
| UNITED STATES OF AMERICA,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 US.C. § 2255 by *pro se* petitioner Cardell Mitchell ("Mitchell"). ECF No. 1.

Because the record is inconclusive as to whether Mitchell asked his attorney to file an appeal or a notice of appeal, an evidentiary hearing must be held.

I.  Background

In 2023, Mitchell pleaded guilty in the United States District Court for the Western District of Louisiana, Alexandria Division, to one count of possession of a firearm by a prohibited person, 18 U.S.C. § 922(g)(1). He was sentenced to 96 months imprisonment. ECF Nos. 30, 43.

Mitchell filed this § 2255 Motion, *in forma pauperis,* asserting he had ineffective assistance of counsel because his attorney failed to object to his sentence and failed to file a notice of appeal. ECF No. 51. For relief, Mitchell seeks an out-of-time appeal. Mitchell is currently incarcerated in FCI-Yazoo City Medium in Yazoo City, Mississippi. ECF No. 51.

The Government responded and agrees that Defendant is entitled to an out-of-time appeal. ECF No. 62.

## II. Law and Analysis

Mitchell contends that, after he was sentenced, he asked his attorney to file a notice of appeal. However, he claims his attorney did not consult with him about an appeal. Mitchell and his family attempted to contact his attorney, but there was no response to their letters and phone calls. 51-1. Mitchell contends: (1) his sentence was far longer than his attorney had assured him he would receive; (2) the Government breached the plea agreement by raising inflammatory arguments and information at the sentencing; (3) his Rule 11 plea colloquy was improper pursuant to *Rehaif v. United States,* 588 U.S. __, 139 S.Ct. 2191 (2019)[1]; (4) the Supreme Court's recent ruling in *New York State Rifle & Pistol Association, Inc. v. Bruen,* 597 U.S. 1 (2022),[2] affected Mitchell's conviction; and (5) there are unresolved issues pertaining to discovery and suppression.

The following standards govern claims of ineffective assistance of counsel:

To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in

---

[1] In *Rehaif,* 139 S.Ct. at 2200, the United States Supreme Court held that, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.

[2] In *Bruen,* 597 U.S. at 71, the Supreme Court struck down New York's "proper cause" requirement for carrying a handgun outside the home, finding it violated the Fourteenth Amendment.

> *Strickland v. Washington*, 466 U.S. 668 (1984). He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense"). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" On the latter component, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding"; rather, he must demonstrate a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" [Citations omitted.]

*Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (quoting *Strickland,* 466 U.S. at 686-89, 693); *see also U.S. v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994).

"In certain Sixth Amendment contexts, prejudice is presumed." *See Garza v. Idaho*, 586 U.S. __, 139 S. Ct. 738, 744 (2019) (quoting *Strickland*, 466 U.S. at 692). No showing of prejudice is necessary "if the accused is denied counsel at a critical stage of his trial," *Garza*, 139 S. Ct. at 744 (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984), or left "entirely without the assistance of counsel on appeal," *Garza*, 139 S. Ct. at 744 (quoting *Penson v. Ohio*, 488 U.S. 75, 88 (1988)). Similarly, prejudice is presumed "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Garza*, 139 S. Ct. at 744 (quoting *Cronic*, 466 U.S. at 659). Prejudice is also presumed "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken." *Garza*, 139 S. Ct. at 744 (quoting *Roe v. Flores–Ortega*, , 484 (2000)). This presumption applies

3

even when the defendant has signed an appeal waiver. *See Garza*, 139 S. Ct. at 744 ("'[E]ven the broadest appeal waiver does not deprive a defendant of all appellate claims.'"); *see also United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019), *cert. den.*, 140 S. Ct. 628 (U.S. 2019).

Criminal defense counsel is not burdened by any general duty to perfect an appeal of every criminal conviction. *See Childs v. Collins,* 995 F.2d 67, 69 (5th Cir. 1993), *cert. den.,* 510 U.S. 1016 (1993). The decision whether to appeal is made by the defendant. *See United States v. Faubion,* 19 F.3d 226, 231 (5th Cir. 1994); *Childs,* 995 F.2d at 69 n. 1; *Norris v. Wainwright,* 588 F.2d 130, 137 (5th Cir. 1979)*, cert. den.,* 444 U.S. 846 (1979).

However, counsel is constitutionally required to fully inform the defendant of his appellate rights. *See Faubion,* 19 F.3d at 231; *Childs,* 995 F.2d at 69. "The Constitution requires that the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal." *Faubion,* 19 F.3d at 231; *see also Childs,* 995 F.2d at 69 *Lumpkin,* 439 F.2d at 1085.

"The first *Strickland* prong begins with the question whether counsel 'consulted' with the defendant regarding an appeal." *United States v. Cong Van Pham,* 722 F.3d 320, 323 (5th Cir. 2013) (citing *Roe v. Flores–Ortega,* 528 U.S. 470, 476–77 (2000)). "Consulting" is a term of art that means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a

4

reasonable effort to discover the defendant's wishes." *Id.* Counsel's failure to so advise a defendant upon conviction falls below prevailing professional standards and is constitutionally deficient performance within the meaning of *Strickland. See Gipson,* 985 F.2d 212, 215 (5th Cir. 1993). After sentencing, when the time period for filing a notice of appeal begins to run, counsel should make an effort to discover a defendant's wishes in that regard. *See Cong Van Pham*, 722 F.3d at 323.[3]

"If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Cong Van Pham*, 722 F.3d at 323–24; *see also Caillier v. United States*, 2015 WL 1959477, at *27 (W.D. La. 2015); *United States v. Alfred,* 2014 WL 978513, at *9 (W.D. La. 2014), *aff'd,* 582 Fed Appx. 524 (5th Cir. 2014). "[F]iling a notice of appeal is, generally speaking, a simple, non-substantive act that is within the defendant's prerogative." *Garza*, 139 S. Ct. at 746. Under *Flores–Ortega*, 528 U.S. at 477, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . [F]iling a notice of appeal is a purely ministerial task, and the failure to file reflects inattention

---

[3] In *Cong Van Pham* the defendant received a harsher sentence than he expected, was visibly upset, and expressed an interest in doing "something to get less time." The United States Fifth Circuit Court of Appeals found that statement to counsel was enough to trigger counsel's constitutional duty to consult with the defendant about an appeal. *Cong Van Pham*, 722 F.3d at 325; *see also United States v. Tighe*, 91 F.4th 771, 775 (5th Cir. 2024).

to the defendant's wishes." *Garza*, 139 S. Ct. at 746; *see also United States v. Calderon*, 665 Fed. Appx. 356, 364 (5th Cir. 2016).

Where an attorney performs deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed "with no further showing from the defendant of the merits of his underlying claims." *See Garza*, 139 S. Ct. at 747 (citing *Flores-Ortega*, 528 U.S. at 484); *see also Peguero v. United States*, 526 U.S. 23, 28 (1999) ("When counsel fails to file a requested appeal, a defendant is entitled to ... an appeal without showing that his appeal would likely have merit.").

Where a defendant has had ineffective assistance of counsel on appeal which results in the loss of the right of first appeal, reinstatement of the right of appeal is the appropriate remedy. *See Evitts v. Lucey*, 469 U.S. 387, 389 (1985); *United States v. Haese*, 162 F.3d 359, 363 (5th Cir. 1998), *cert. den.*, 526 U.S. 1138 (1999); *United States v. Flores-Ochoa*, 139 F.3d 1022, 1023 (5th Cir. 1998), *cert. den.*, 524 U.S. 959 (1998); *United States v. Scott*, , 263 (5th Cir. 1993); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982); *Mack v. Smith*, 659 F.2d 23, 25-26 (5th Cir. 1981); *Arrastia v. United States*, 455 F.2d 736, 740 (5th Cir. 1972); *Atilus v. United States*, 406 F.2d 694, 698 (5th Cir. 1969).

Of course, a district court lacks authority to grant an out-of-time appeal. Fed. R. App. P. rule 4. Therefore, if a § 2255 movant proves his claim of ineffective assistance of counsel to the satisfaction of the district court, the judgment of conviction should be reinstated on the docket of the trial court as of that date fixed

by the trial court from which the time of the appeal shall run, and the § 2255 motion should be dismissed without prejudice. *See United States v. Horodner*, 993 F.2d 191, 196 (9th Cir. 1993); *Allen v. United States*, 938 F.2d 664, 665 (6th Cir. 1991); *Mack*, 659 F.2d at 26; *Atilus*, 406 F.2d at 698; *see also*, *Rodriguez*, 395 U.S. at 332.

"[I]f the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal . . . ." *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). "[If the record] does not conclusively show whether [the defendant] requested that his counsel file an appeal," the Court must hold an evidentiary hearing on that issue. *Tapp*, 491 F.3d at 266. The defendant must only demonstrate that he asked his attorney to appeal or file a notice of appeal and his attorney failed to do so, and that there is a reasonable probability that, but for counsel's failure, he would have timely appealed. *Tapp*, 491 U.S. at 265 (citing *Flores-Ortega*, 528 U.S. at 484).

Mitchell contends that, after he received a sentence in excess of that his attorney had told him he would receive, he instructed his attorney to file an appeal. Mitchell contends his attorney did not talk to him about his right to appeal his sentence and did not file an appeal or a notice of appeal. Mitchell further contends his attorney failed to respond to phone calls and letters from himself and his family. However, there is no evidence in the record that shows Mitchell asked his counsel to

7

file an appeal. The record only shows neither that a notice of appeal nor an appeal was filed.

Accordingly, an evidentiary hearing must be held to determine whether Mitchell indicated to his attorney that he wanted to appeal.

### III. Conclusion

Accordingly, IT IS ORDERED that an evidentiary hearing shall be held, at a date to be set, before the undersigned Magistrate Judge. Counsel shall be appointed to represent Mitchell at that hearing. Mitchell's appointed counsel, trial counsel (John Flynn), and counsel for the government SHALL BE PRESENT at the hearing.

The sole issue to be determined at the hearing is whether Mitchell indicated to his trial counsel that he wanted to appeal. In preparation for that hearing, counsel for Mitchell shall submit a pre-hearing brief addressing the issue, with any attachments, including affidavits, within **42 days** from the date of this Order. The Government may file a brief in opposition (with attachments) within **14 days** from receipt of Mitchell's brief. Mitchell has **7 days** to file a reply.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __22nd__ day of March 2024.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

8