b

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| CARDELL MITCHELL,<br>Petitioner | CRIMINAL DOCKET NO. 1:21-CR-00300 |
| VERSUS | DISTRICT JUDGE JOSEPH |
| UNITED STATES OF AMERICA,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 by *pro se* petitioner Cardell Mitchell ("Mitchell"). ECF No. 1.

Because Mitchell has shown he was deprived of his first right of appeal, Mitchell's right to appeal should be reinstated and his § 2255 Motion should be dismissed without prejudice.

## I.    Background

In 2023, Mitchell pleaded guilty in the United States District Court for the Western District of Louisiana, Alexandria Division, to one count of possession of a firearm by a prohibited person, 18 U.S.C. § 922(g)(1). He was sentenced to 96 months of imprisonment. ECF Nos. 30, 43.

Mitchell filed this § 2255 Motion, *in forma pauperis,* asserting he had ineffective assistance of counsel because his attorney failed to object to his sentence and failed to file a notice of appeal. ECF No. 51. For relief, Mitchell seeks an out-of-time appeal. Mitchell is currently incarcerated in FCI-Yazoo City Medium in Yazoo City, Mississippi. ECF No. 51.

The Government responded and agreed that Defendant should be granted an out-of-time appeal.  ECF No. 62.

Testimony and evidence were introduced at an evidentiary hearing on the issue of whether: (1) Mitchell's trial attorney consulted him about his right to appeal; and (2) whether Mitchell indicated to his attorney that he wanted to appeal.

II.    <u>Law and Analysis</u>

A.    <u>Standards Governing § 2255 Actions.</u>

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  *See* 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. den.*, 504 U.S. 962 (1992).  The scope of relief under § 2255 is consistent with that of the writ of habeas corpus.  *See Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding."  *United States v. Vaughn*, 955 F.2d

2

367, 368 (5th Cir. 1992) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)); *see also United States v. Ressler*, 54 F.3d 257, 259 (5th Cir. 1995). "[A] collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, '[the courts] are entitled to presume that the defendant stands fairly and finally convicted.'" *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991), *cert. den.*, 502 U.S. 1076 (1992) (citing *United States v. Frady*, 456 U.S. 152, 164-65 (1982)).

"Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. *See United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995).

**B.    Mitchell's right to appeal should be reinstated.**

Mitchell contends that, after he was sentenced, he asked his attorney to file a notice of appeal. However, he claims his attorney did not consult with him about an appeal. Mitchell and his family claim they attempted to contact his attorney, but there was no response to their letters and phone calls. 51-1.

The following standards govern claims of ineffective assistance of counsel:

To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in

3

*Strickland v. Washington*, 466 U.S. 668 (1984).  He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense").  The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" On the latter component, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding"; rather, he must demonstrate a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  [Citations omitted.]

*Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (quoting *Strickland,* 466 U.S. at 686-89, 693); *see also U.S. v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994).  "In certain Sixth Amendment contexts, prejudice is presumed."  *See Garza v. Idaho*, 586 U.S. 232, 237 (2019) (quoting *Strickland*, 466 U.S. at 692).

Criminal defense counsel has no general duty to perfect an appeal of every criminal conviction.  *See Childs v. Collins,* 995 F.2d 67, 69 (5th Cir. 1993), *cert. den.,* 510 U.S. 1016 (1993).  However, counsel is constitutionally required to fully inform the defendant of his appellate rights.  *See United States v. Faubion,* 19 F.3d 226, 231 (5th Cir. 1994); *Childs,* 995 F.2d at 69.  "The Constitution requires that the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal."  *Faubion,* 19 F.3d at 231; *see also Childs,* 995 F.2d at 69; *Lumpkin,* 439 F.2d at 1085.  The decision whether to appeal is reserved to the defendant.  *See Faubion,* 19 F.3d at 231; *Childs,* 995 F.2d at

4

69 n. 1; *Norris v. Wainwright,* 588 F.2d 130, 137 (5th Cir. 1979)*, cert. den.,* 444 U.S. 846 (1979).

"The first *Strickland* prong begins with the question whether counsel 'consulted' with the defendant regarding an appeal." *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Roe v. Flores–Ortega,* 528 U.S. 470, 476–77 (2000)). "Consulting" is a term of art that means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* Counsel's failure to so advise a defendant upon conviction falls below prevailing professional standards and is constitutionally deficient performance within the meaning of *Strickland. See United States v. Gipson,* 985 F.2d 212, 215 (5th Cir. 1993). After sentencing, when the time period for filing a notice of appeal begins to run, counsel should make an effort to discover a defendant's wishes in that regard. *See Cong Van Pham*, 722 F.3d at 323.[1]

"If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to

---

[1] In *Cong Van Pham* the defendant received a harsher sentence than he expected, was visibly upset, and expressed to counsel an interest in doing "something to get less time." The United States Fifth Circuit Court of Appeals found that his statement to counsel was enough to trigger counsel's constitutional duty to consult with the defendant about an appeal. *Cong Van Pham*, 722 F.3d at 325; *see also United States v. Tighe*, 91 F.4th 771, 775 (5th Cir. 2024).

an appeal." *Cong Van Pham*, 722 F.3d at 323–24; *see also Caillier v. United States*, 2015 WL 1959477, at *27 (W.D. La. 2015); *United States v. Alfred,* 2014 WL 978513, at *9 (W.D. La. 2014), *aff'd,* 582 Fed Appx. 524 (5th Cir. 2014).  Filing a notice of appeal is, generally speaking, a simple, non-substantive act that is within the defendant's prerogative.  *See Garza*, 586 U.S. at 239.  "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . [F]iling a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Garza*, 586 U.S. at 241 (quoting *Flores–Ortega*, 528 U.S. at 477); *see also United States v. Calderon*, 665 Fed. Appx. 356, 364 (5th Cir. 2016).

Where an attorney performs deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed "with no further showing from the defendant of the merits of his underlying claims." *See Garza*, 139 S. Ct. at 747 (citing *Flores-Ortega*, 528 U.S. at 484); *see also Peguero v. United States*, 526 U.S. 23, 28 (1999) ("When counsel fails to file a requested appeal, a defendant is entitled to ... an appeal without showing that his appeal would likely have merit.").

Where a defendant has had ineffective assistance of counsel which results in the loss of the right of first appeal, reinstatement of the right of appeal is the appropriate remedy.  *See United States v. West,* 240 F.3d 456, 459 (5th Cir. 2001); *Mack v. Smith*, 659 F.2d 23, 25-26 (5th Cir. 1981); *Atilus v. United States*, 406 F.2d 694, 698 (5th Cir. 1969).  Of course, a district court lacks authority to grant an out-

6

of-time appeal. *See* Fed. R. App. P. 4. Therefore, if a § 2255 movant proves his claim(s) to the satisfaction of the district court, a § 2255 petition should be dismissed without prejudice, and the judgment of conviction should be reinstated on the docket of the trial court as of the date to be fixed by the trial court from which the time of the appeal shall run. *See West,* 240 F.3d at, 459; *Mack*, 659 F.2d at 26; *Atilus*, 406 F.2d at 698; *see also Allen v. United States*, , 665 (6th Cir. 1991).

At the evidentiary hearing, Mitchell testified that his attorney told him to expect a sentence of between 51 and 63 months. He was therefore surprised when a sentence of 96 months was imposed. Mitchell said he did not speak with his attorney after the sentencing. He testified that the District Judge explained his right to appeal and told him he had 14 days in which to file a notice of appeal.

Mitchell's attorney testified that he had been retained to represent him on his federal charges through trial only. His practice is solely criminal work, and he does not usually handle appeals. Instead, he sends his clients to another attorney if they want to appeal.

Mitchell's attorney further testified that he went through several possible sentencing guideline calculations with Mitchell, and that all of the calculations exceeded 10 years. Then they discussed the sentencing calculation in the pre-sentence report, which was 151-188 months. Because the maximum possible sentence under the statute to which Mitchell pleaded guilty was 10 years, he told Mitchell they would request a sentence of between 84 and 96 months (seven to eight

7

years).  Mitchell's attorney testified that he never told Mitchell to expect a sentence of 51 to 63 months.

Rather, Mitchell's attorney was surprised when a sentence of 96 months was imposed.  When he spoke briefly to Mitchell after the sentencing, Mitchell did not tell him he wanted to appeal.  However, Mitchell's attorney did testify that he did not discuss Mitchell's right to appeal with him, did not raise the issue of appeal with Mitchell after he was sentenced, and would have advised against hiring an attorney to file an appeal.

"In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal."  *Flores-Ortega*, 528 U.S. at 478.  "'Consulting' is a term of art that means 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'"  *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Flores-Ortega*, 528 U.S. at 478),

"If . . . counsel failed to consult with the defendant about an appeal, then the question is whether that failure was unreasonable because it breached the duty to consult.  '[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant

would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.' The existence of a duty to consult is assessed in light of 'all the information counsel knew or should have known.'" *Cong Van Pham,* 722 F. 3d at 324 (citing *Flores-Ortega,* 528 U.S. at 480).[2] "In making this determination, courts must take into account all the information counsel knew or should have known." *Tighe,* 91 F.4th at 775 (citing *Flores-Ortega,* 528 U.S. at 480). "[T]there is no requirement for a defendant to demonstrate his hypothetical appeal has merit." *Id.*

Mitchell contends he has non-frivolous grounds for appeal.[3] The Government and Mitchell's current counsel agree that Mitchell has a non-frivolous ground for appeal under *Bruin.*

To show that Mitchell would have appealed, Mitchell's wife testified that she called the attorney and left messages for him before the 14-day time limit ran out,

---

[2] "The prejudice prong of *Strickland* is satisfied if the defendant establishes 'that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed,' regardless of whether his appeal had merit." *United States v. Calderon,* 665 Fed. Appx. 356, 366 (5th Cir. 2016) (quoting *Flores-Ortega,* 528 U.S. at 484-486).

[3] Mitchell contends his grounds for appeal are: (1) the sentence imposed is much longer than his attorney had assured him he would receive; (2) the Government breached the plea agreement by raising inflammatory arguments and information at the sentencing; (3) the Rule 11 plea colloquy was improper pursuant to *Rehaif v. United States,* 588 U.S. 225 (2019); (4) the Supreme Court's recent ruling in *New York State Rifle & Pistol Association, Inc. v. Bruen,* 597 U.S. 1 (2022), affects his conviction; and (5) there are unresolved issues pertaining to discovery and suppression.

and that he spoke with her within a week. She asked him how to obtain a transcript of the sentencing. The attorney then asked why she needed it, and she explained that Mitchell wanted to appeal. Mitchell's wife testified that his attorney told her he "did not do appeals." *Compare United States v. Labit,* 2023 WL 7655715, at *4 (W.D. La. 2023) ("Among other things, the subsequent attempts of Labit and his mother to contact Valteau to discuss the status of his appeal and Valteau's failure to return their phone calls, convince the Court that Labit would have timely appealed but for counsel's deficient failure to consult with him.").

Mitchell asserts that he was surprised by the length of his sentence and that he wanted to appeal, but his attorney did not confer with him about an appeal. Mitchell's attorney admitted that he never consulted Mitchell about an appeal.

However, Mitchell's wife attempted to contact the attorney before the time limit for an appeal ran out. Mitchell's attorney stated he became aware that Mitchell was interested in an appeal when Mitchell's wife asked him about a transcript. To show that Mitchell would have appealed, Mitchell's wife testified that she called the attorney and left messages for him before the 14-day time limit ran out, and that he spoke with her within a week. She asked him how to obtain a transcript of the sentencing and clearly stated that Mitchell wanted to appeal.

In this case, two relevant issues must be considered: the potential grounds for appeal and the purported demonstrated desire to appeal.

The sentence imposed is relevant only to the extent it may demonstrate Mitchell wanted to appeal.  The record is unclear on this particular issue.  But the record does seem clear that Mitchell's wife contacted his attorney and stated Mitchell wanted to appeal.  They did not actually speak within the deadline, which makes any finding that Mitchell's attorney was aware of his specific desire to appeal unreachable.  But the effort to contact the attorney was timely made.  And while counsel was certainly entitled to decline further representation and to seek to withdraw, in these particular circumstances, further consultation with Mitchell after his wife's phone call was warranted, but did not occur.

In sum, it seems that Mitchell wanted to appeal because of the length of the sentence imposed, whereas his attorney, believing him to be pleased and having a different view of the discussion with Mitchell about the sentence, did not believe it was necessary to discuss an appeal with him.

Therefore, Mitchell has demonstrated that he would have appealed had his attorney consulted with him about his right to appeal.  Mitchell's right to appeal should be reinstated.

## III.   Conclusion

Based on the foregoing, IT IS RECOMMENDED Mitchell's judgment of conviction be reinstated on the docket of the trial court, from which point the time of the appeal shall run.

IT IS FURTHER RECOMMENDED that Mitchell's § 2255 Motion (ECF No. 51) be dismissed without prejudice as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the Magistrate Judge is neither required nor encouraged. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to Rule 1(b)) in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse

to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___27th___ day of August 2024.

Joseph H.L. Perez-Montes
United States Magistrate Judge