UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA        CRIMINAL NO. 21-CR-00300

VERSUS        JUDGE DAVID C. JOSEPH

CARDELL MITCHELL

## ORDER

Before the Court is a MOTION FOR A REDUCTION OF SENTENCE/COMPASSIONATE RELEASE IN LIGHT OF FIRST STEP ACT OF 2018 PURSUANT TO 18 U.S.C. 3582(c)(1)(A) (the "Motion") filed by Petitioner Cardell Mitchell ("Mitchell") seeking a reduction of his 96-month sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 83]. The Motion is opposed by the government. [Docs. 89, 93]. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On March 24, 2023, Mitchell pled guilty to Possession of Firearms by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). [Doc. 30]. He was sentenced to 96 months imprisonment followed by three years of supervised release on June 30, 2023. [Doc. 44]. He is currently housed in FCI Yazoo City Medium and his projected release date is October 26, 2029. After serving a little over half of his sentence, Mitchell now seeks compassionate release due to certain medical conditions, rehabilitation, and recent challenges to cases brought pursuant to 18 U.S.C. § 922(g)(1).

Page 1 of 4

## LAW AND ANALYSIS

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, (2010). 18 U.S.C. § 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances. Relevant here, a court can modify a term of imprisonment upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the Bureau of Prisons ("BOP") had the authority to file compassionate release motions under Section 3582(c)(1)(A). However, in 2018, the First Step Act was enacted which amended the compassionate release process to allow prisoners to directly petition courts for compassionate release. Before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(i)  prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(ii)  prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).

Here, Mitchell properly exhausted his administrative remedies. He requested release from BOP on July 21, 2025, and received a disposition dated February 19, 2026, denying his request. [Doc. 93-1]. The Court will therefore consider whether Mitchell is entitled to relief on the merits.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a sentence only "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  As recently explained by the Fifth Circuit, "prisoners can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).

According to the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13(1)(A), a court may reduce a term of imprisonment if it determines that: (i) extraordinary and compelling reasons warrant the reduction, (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), and (iii) the reduction is consistent with its policy statement. Lastly, 18 U.S.C. § 3582(c)(2) provides that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

After a review of the parties' briefing and applicable law, the Court finds that the Defendant has failed to demonstrate "extraordinary and compelling" reasons for a reduced sentence.  Nor does the Court find that Mitchell would not pose a danger to the safety of any other person and the community if released, as provided in

18 U.S.C. § 3142(g).[1]  Finally, early release is not warranted in consideration of the sentencing factors listed in 18 U.S.C. § 3553(a) given the Defendant's extensive criminal history reflected in his Presentence Investigation Report.  [Doc. 46].

<u>CONCLUSION</u>

Based on the foregoing reasons, Mitchell's MOTION FOR A REDUCTION OF SENTENCE/COMPASSIONATE RELEASE IN LIGHT OF FIRST STEP ACT OF 2018 PURSUANT TO 18 U.S.C. 3582(c)(1)(A) [Doc.83] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 13th day of April 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[1]   To the extent Mitchell's Motion raises complaints about the medical care he is receiving in prison, this claim does not fall within the scope of 18 U.S.C. § 3582(c)(1)(A).  *See United States v. McMillian,* 2022 WL 3230432, at *3 (W.D. La. Aug. 9, 2022), *citing Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) ("Requests related to the conditions of confinement are outside the scope of relief potentially available under 18 U.S.C. § 3582(c)(1)(A) and are not cognizable under this motion.").  *See also United States v. Gentry,* 2022 WL 1124188, at *4 (W.D. La. Apr. 13, 2022).